# EXHIBIT "A"

**Index No.**
**Filing date:**
**Plaintiff(s) designates KINGS County as the place trial**

**The basis of the venue is Plaintiff's residence**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

---------------------------------------------------------x

**GENEVIEVE ANDERSON,**

**Plaintiff,**

**-against-**

**TARGET CORPORATION,**

**Defendants.**

---------------------------------------------------------x

**SUMMONS**

**Plaintiff resides at**
**1082 Barbey Street**
**Brooklyn, N.Y.11207**
**County of Kings**

To the above named Defendants

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Brooklyn, New York
January 24, 2025

**Yours, etc.**
DAVIS NDANUSA IKHLAS & SALEEM, LLP
**TARIK DAVIS, ESQ.**
Attorneys for Plaintiff(s)
Office and P.O. Address
26 Court Street, Suite 603
Brooklyn, New York 11242
(718) 783-6819

Defendant's Address:

Target Corporation
519 Gateway Drive
Brooklyn, New York 11239

**SUPREME COURT OF STATE OF NEW YORK**
**COUNTY OF KINGS**

**GENEVIEVE ANDERSON,**
**Plaintiff,**
**-against-**

**TARGET CORPORATION,**
**Defendants.**

**VERIFIED COMPLAINT**

Plaintiff, by her attorneys, **DAVIS, NDANUSA, IKHLAS & SALEEM, LLP.**, as and for the Verified Complaint, herein alleges the following:

1. That at all times hereinafter mentioned, plaintiff is a resident of the County of Kings, City and State of New York.

2. That on August 5, 2022, and all times hereinafter mentioned, upon information and belief, the defendant, **TARGET CORPORATION** was and is a foreign business corporation organized and existing under and by virtue of and under the laws of the State of Minnesota.

3. That on August 5, 2022, and all times hereinafter mentioned, upon information and belief, the defendant, **TARGET CORPORATION**, was and is a foreign limited liability company duly organized and existing under and by virtue of and under the laws of the State of Minnesota .

4. That on August 5, 2022, and all times hereinafter mentioned, upon information and belief, the defendants, **TARGET CORPORATION**, is a foreign business corporation and/or business entity , respectively, (hereinafter referred to as "**TARGET**") duly licensed to transact business in the State of New York.

5. That on August 5, 2022, upon information and belief and all times hereinafter mentioned, the defendant, **TARGET**., conducted business and maintained offices within the State of New York.

6. That on August 5, 2022, upon information and belief and all times hereinafter mentioned, the defendants, **TARGET,** was a foreign corporation, duly authorized to do business in the State of New York.

7. That on August 5, 2022, upon information and belief and all times hereinafter mentioned, the defendants **TARGET** , maintained its principal place of business within the State of New York.

8. That on August 5, 2022, upon information and belief and all times hereinafter mentioned, the defendants, **TARGET,** committed a tortuous act within the State of New York.

9. That on August 5, 2022, upon information and belief and all times hereinafter mentioned, the defendants, **TARGET,** regularly does, or solicits, business in the State of New York.

10. That on August 5, 2022, upon information and belief and all times hereinafter mentioned, the defendants, **TARGET** , received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

11. That on August 5, 2022, upon information and belief and all times hereinafter mentioned, the defendants,, **TARGET,** owned the premises located at 519 Gateway Drive, County of Kings, City and State of New York.

12. That on August 5, 2022, upon information and belief and all times hereinafter mentioned, the defendants, **TARGET** , managed the aforesaid premises.

13. That on August 5, 2022, upon information and belief and all times hereinafter mentioned, the defendants, **TARGET,** maintained the aforesaid premises.

14. That on August 5, 2022, upon information and belief and all times hereinafter mentioned, the defendants, **TARGET,** operated the aforesaid premises.

15. That on August 5, 2022, upon information and belief and all times hereinafter mentioned, the defendants, **TARGET**, controlled the aforesaid premises.

16. That on August 5, 2022, upon information and belief and all times hereinafter mentioned, the defendants, **TARGET** , supervised the aforesaid premises.

17. That on August 5, 2022, upon information and belief and all times hereinafter mentioned, the defendants, **TARGET**, repaired the aforesaid premises.

18. That on August 5, 2022, upon information and belief and all times hereinafter mentioned, the defendants, **TARGET**, inspected the aforesaid premises.

19. That on August 5, 2022, upon information and belief and all times hereinafter mentioned, the defendants, **TARGET**, owned, managed, maintained, operated, controlled, supervised, repaired and inspected the aforesaid premises.

20. That on August 5, 2022, upon information and belief and all times hereinafter mentioned, the defendants, **TARGET**, operated a business at the aforesaid premises.

21. That on August 5, 2022, upon information and belief and all times hereinafter mentioned, the defendants, **TARGET**, leased the aforesaid premises.

22. That on August 5, 2022, upon information and belief and all times hereinafter mentioned, the defendants, **TARGET**, operated a business inviting the public to enter at the aforesaid premises.

23. That on August 5, 2022, and all times hereinafter mentioned, upon information and belief, the plaintiff, GENEVIEVE ANDERSON, was lawfully inside the aforesaid premises located at 519 Gateway Drive, County of Kings, City and State of New York.

24. The plaintiff was lawfully inside the aforesaid premises for the purpose of purchasing goods for offered for sale by the Defendant.

25. That on August 5, 2022, and all times hereinafter mentioned, upon information and belief, the plaintiff, GENEVIEVE ANDERSON, was lawfully inside the premises with the knowledge, permission and consent of the defendants and therefore Defendants had a duty of care to maintain the premises in a safe manner for Plaintiff and other customers.

26. That on August 5, 2022, and all times hereinafter mentioned, upon information and belief, the plaintiff, GENEVIEVE ANDERSON, slipped and fell on a slippery and wet substance on the floor threat, causing her to sustain severe and permanent injuries. Defendant had notice of the slippery and wet substance on the floor and owed a duty of care to Plaintiff to remove said substance.

27. That the accident and injuries resulting therefrom were caused solely by the negligence of the defendants, their agents, servants and employees, without any negligence on the part of the plaintiff contributing thereto.

28. That the above mentioned occurrence and the results thereof were caused by the negligence of the defendants, their servants, agents, employees and/or licensees in the operation, management, maintenance, control, inspection and supervision of the aforesaid premise, in causing, allowing and permitting the floors at said premises to be, become and remain for a period of time after notice, either actual or constructive, in a wet, slippery, dangerous and/or hazardous condition; in causing, allowing and permitting a trap to exist at said location; in failing to maintain the aforesaid floors and premises in a reasonably safe and proper condition; in causing, allowing and permitting an obstruction to plaintiff's safe passage at said location; in failing to provide plaintiff with safe and proper ingress and egress on the floors of said premises; in causing, allowing and permitting the existence of a condition which constituted a trap, nuisance, menace and danger to persons lawfully on said staircase and premises; in failing to

have taken necessary steps and measures o have prevented the above mentioned location from being used while in said dangerous condition; in failing o provide proper lighting at the aforesaid location in failing to give plaintiff adequate and timely signal, notice or warning of said condition; in negligently and carelessly causing and permitting the floors of said premises to be and remain in said condition for an unreasonable length of time, resulting in a hazard to the plaintiff and others; in failing to take suitable and proper precautions for the safety of personas on and using the isles of said premises; and in being otherwise negligent and careless.

29. That because of the above stated negligence, plaintiff was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; as a result of said injuries plaintiff was caused and will continue to be caused to incur expenses for medical care and attention; and plaintiff was and will continue to be rendered unable to perform plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

30. This action falls within one or more of the exceptions set forth in C.P.L.R. §1602.

31. That as a result of defendants' negligence as aforesaid, plaintiff, GENEVIEVE ANDERSON, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts which would otherwise have jurisdiction..

**WHEREFORE**, plaintiff demands judgment against the defendants in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with costs and disbursements of this action.

Dated: Brooklyn, New York
January 24, 2025

Yours, etc.,

DAVIS, NDANUSA, IKHLAS & SALEEM, LLP
By: TARIK DAVIS, ESQ.
Attorneys for Plaintiff(s)
26 Court Street, Suite 603
Brooklyn, New York 11242
(718) 783-6819

**VERIFICATION**

STATE OF NEW YORK )
: SS.:
COUNTY OF KINGS )

**GENEVIEVE ANDERSON,** being duly sworn deposes and says:

That she is the Plaintiff in this action; that she has read the foregoing complaint and knows the contents thereof; that the same is true to her n knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters she believes it to be true.

GENEVIEVE ANDERSON

Sworn to before me this
24 day of January 2025

NOTARY PUBLIC

STUART WEISS
Notary Public, State of New York
No. 01WE6105304
Qualified in Queens County
Commission Expires Feb 9 20 28

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS** **Index #**

**GENEVIEVE ANDERSON,**
**Plaintiff,**
**-against-**

**TARGET CORPORATION ,**
**Defendants.**

**SUMMONS AND VERIFIED COMPLAINT**

**DAVIS, NDANUSA, IKHLAS & SALEEM, LLP**
Attorneys for Plaintiff
26 Court Street, Suite 603
Brooklyn, New York 11242
(718) 783-6819

Pursuant to Article 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: January 24, 2025 Signature:
Print Signer's Name: TARIK DAVIS, ESQ.

Service of a copy of the within is hereby admitted.

Dated:

Attorney(s) for

Please take notice

NOTICE OF ENTRY
that the within is a (certified) true copy of a duly entered in the Office of the Clerk of the within court on , 20.

NOTICE OF SETTLEMENT
that an order of which the within is true copy will be prepared for settlement to the Hon. one of the judges of the within named court, at on , 20 at M.

Dated,

Yours, etc.
DAVIS, NDANUSA, IKHLAS & SALEEM, LLP
Attorneys for
26 Court Street, Suite 603
Brooklyn, New York 11242
(718) 783-6819

To: